IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

FILED

JUL 19 2012

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

| | |
|---|---|
| JOHN F. LANCE, | Cause No. CV 12-82-DLC-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| JOHN D. LARSON, et al., | |
| Respondents. | |

On May 18, 2012, Petitioner John Fesler Lance filed this action seeking a writ of error coram nobis. Lance is a state prisoner proceeding pro se.

On May 30, 2012, Lance was advised that this Court lacks coram nobis jurisdiction because he was not tried or convicted in this Court. He was further advised that he could either voluntarily dismiss this action and refile in the appropriate court or proceed with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Order to Pet'r (doc. 3) at 1-2 (citing, inter alia, *Castro v. United States*, 540 U.S. 375, 383 (2003)).

Lance responded to the Order by filing a response, an addendum to the

1

response, and an amplified response. He points out that he filed a writ of error coram *vobis*, not coram nobis. While he is correct, and the Court apologizes for its misreading, coram vobis jurisdiction is even more remote from this Court. This Court is a court of original jurisdiction, not appellate jurisdiction. 28 U.S.C. §§ 1331, 1332. "[F]ederal district courts have 'no authority to review the final determinations of a state court in judicial proceedings.'" *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1079 (9th Cir. 2000) (en banc) (quoting *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986)). *A fortiori*, federal district courts have no coram vobis jurisdiction to implement appellate review of state prisoners' convictions or sentences.

Lance claims that he is not in custody. He is. He has been since at least June 18, 1993. *See* CONWeb, https://app.mt.gov/conweb (accessed June 8, 2012). Regardless, even if one or more of the convictions he seeks to challenge have expired, neither coram nobis nor coram vobis is available in this Court. The availability or non-availability of habeas relief has no effect on a federal court's jurisdiction to entertain a writ of error coram nobis or coram vobis from a state prisoner. Nor will transfer to the Court of Appeals, 28 U.S.C. § 1631, cure the want of jurisdiction.

Because Lance's response to the Order of May 30 makes it clear that he wishes neither to proceed with a habeas petition nor to dismiss his action voluntarily, this

2

Court should not recharacterize his petition but should instead dismiss the action for lack of jurisdiction. A certificate of appealability is neither required nor permitted because Lance does not characterize this action as a habeas action.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. The Court should CERTIFY, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal from its disposition would be taken in bad faith because the federal courts plainly lack jurisdiction to entertain a writ of error coram nobis or coram vobis from a state prisoner.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Lance may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Lance files objections, he must itemize each factual finding to which objection is made and must identify the

3

evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Lance from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Lance must immediately inform the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 19th day of July, 2012.

Jeremiah C. Lynch
United States Magistrate Judge